UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALFREDO VICTORIA,<br><br>                            Plaintiff,<br><br>                 -against-<br><br>DOCCS/PASSAGE,<br><br>                            Defendant. | 23-CV-4652 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is currently incarcerated in the Franklin Correctional Facility, filed this *pro se* action under 42 U.S.C. § 1983, alleging that he was subjected to excessive force and other unconstitutional conditions of confinement at nine different New York State correctional facilities. The only named defendant is the New York State Department of Corrections and Community Supervision ("DOCCS").[1] For the following reasons, the Court transfers this action, under 28 U.S.C. § 1404(a), to the United States District Court for the Northern District of New York.

## DISCUSSION

Under 28 U.S.C. § 1391(b), unless otherwise authorized by law, a federal civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

---

[1] Plaintiff names "DOCCS/Passage" in the caption, but it is not clear what "Passage" refers to.

28 U.S.C. § 1391(b). Under Section 1391(c), a "natural person" resides in the federal judicial district where the person is domiciled, and any other "entity with the capacity to sue and be sued," if a defendant, resides in any federal judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* § 1391(c)(1), (2).

In Plaintiff complaint, which consists of several documents captioned for state court, he alleges that from 2000 through 2022, he was assaulted and subjected to unconstitutional conditions of confinement at the following New York State correctional facilities: (1) Mid-State; (2) Gouverneur; (3) Auburn; (4) Comstock; (5) Clinton; (6) Bare Hill; (7) Franklin; (8) Southport; and (9) Attica. Plaintiff does not name any individual defendants or plead the residence of any defendant, but asserts only that the alleged events giving rise to his claims occurred at the abovenamed facilities. Seven of the nine correctional facilities mentioned in the complaint are located in counties falling within the Northern District of New York: Mid-State is in Oneida County; Gouverneur is in St. Lawrence County; Auburn is in Cayuga County; Comstock is in Washington County; (5) Clinton is in Clinton County; and Bare Hill and Franklin are in Franklin County.[2] *See* 28 U.S.C. § 112(a). The only named defendant, DOCCS, is headquartered in Albany, in Albany County, and which also falls within the Northern District of New York. *See id*.

Under 28 U.S.C. § 1404(a), even if an action is filed in a jurisdiction where venue is proper, a court may transfer the action to any other federal district court where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten

---

[2] Two of the facilities are located in the Western District of New York (Attica is located in Wyoming County, and Southport is located in Chemung County). *See* 28 U.S.C. § 112(d).

factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 458-59 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under Section 1404(a), transfer appears to be appropriate for this action. The underlying alleged events occurred in counties located in the Northern District of New York, *see* § 112(a), and it is reasonable to expect that all relevant documents and witnesses would also be located in that federal judicial district. Thus, the United States District Court for the Northern District of New York appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to that court. *See* § 1404(a); *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Northern District of New York. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court.[3] Summonses shall not issue from this court. This order closes this action in this court.

---

[3] Plaintiff's application for leave to proceed *in forma pauperis* is captioned for state court,

3

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:  June 5, 2023
        New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge

---

and the prisoner authorization is outdated.